## FILOTEI v. CARNEGIE–ILLINOIS STEEL CORP.

No. 10327.

United States Court of Appeals Third Circuit.

Argued Feb. 9, 1951.

Filed Feb. 23, 1951.

Ira R. Hill, Pittsburgh, Pa. (Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for appellant.

Hymen Schlesinger, Pittsburgh, Pa., for appellee.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

The plaintiff, a chambermaid employed by the defendant on its river steamer Clairton, brought this action at law to recover for personal injuries sustained when she fell from a stool on which she was standing while she was making up a "double decker bed" aboard the vessel. Her fall was allegedly caused by a sudden lurch of the vessel, and the complaint charged negligence in that respect as well as negligence and unseaworthiness in the defendant's failure to furnish proper equipment and a safe place to work.

The defendant appeals from the judgment entered below upon the jury verdict against it. In our opinion, the sole ground for appeal warranting comment is the refusal of the District Judge to charge the jury, in accordance with the defendant's

written request, that the bartholin cysts and the perineal abscess for which the plaintiff had been treated surgically did not result from, nor were they caused by, the plaintiff's fall. The trial judge left to the jury the issue of the causal relation of the plaintiff's fall to the cysts and the abscess. At the conclusion of the charge, the record discloses, the plaintiff expressed the view that there was too much emphasis placed on the issue and that "perhaps * * * (it) shouldn't have been mentioned." In reply, defendant stated that the plaintiff had no cause to complain since the submission was in her favor.

We hold that the defendant cooperated to preserve the alleged error, and that its conduct was consistent only with acceptance of the actual instruction given to the jury by the District Judge. The case is clearly within Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A. There was, of course, evidence of other injuries to the plaintiff which would support the jury's verdict.

Accordingly, the judgment of the District Court will be affirmed. We shall also deny the plaintiff's motion in this Court for the assessment of a penalty against the defendant because of the alleged dilatory purpose of this appeal.